IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FRANCES WENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:17-cv-657-WKW-GMB |
| ) | [WO] |
| LEWIS COLLINS and BURLINGTON ) | |
| COAT FACTORY WAREHOUSE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 20. Plaintiff Frances Wentz originally filed suit in the Circuit Court of Montgomery County, Alabama, on August 29, 2017. Doc. 1-1. She asserts state-law claims for negligence and wantonness against Burlington Coat Factory Warehouse Corporation ("Burlington") and Lewis Collins arising out of a slip-and-fall at a Burlington Coat Factory store in Montgomery, Alabama. Doc. 1-1 at 2–3. After careful consideration of the parties' arguments and the applicable law, the undersigned recommends that the court dismiss Collins from this action as fraudulently joined.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On September 26, 2015, Wentz fell and injured herself at Burlington's store in Montgomery. Doc. 1-1. Thirty days after Wentz brought suit, Burlington removed the case to federal court, citing diversity of citizenship as the sole basis for this court's subject-

matter jurisdiction. Doc. 1. On February 21, 2018, the undersigned conducted a hearing regarding the court's subject-matter jurisdiction after directing both parties to brief (1) whether this court has subject-matter jurisdiction over this action, and (2) whether Collins—who is named in the complaint as the manager of the Burlington store at the time of Wentz's fall—has been fraudulently joined to defeat jurisdiction. During the hearing, Wentz offered testimony regarding her injuries, and counsel for each party advanced arguments regarding subject-matter jurisdiction and Collins' status as a defendant in this action.

## II.  DISCUSSION

To establish fraudulent joinder, the removing defendant must demonstrate "by clear and convincing evidence that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation marks omitted). The burden on the defendant is a "heavy one." *Id.* (internal quotation marks omitted). Here, the complaint alleges that both Wentz and Collins are citizens of Alabama, and therefore Collins' presence as a defendant would defeat diversity of citizenship. *See* Doc. 1-1 at 2.

The court concludes that Collins' joinder was fraudulent because there is no possibility Wentz can establish a cause of action against him. While Wentz asserts in the complaint that Collins managed the store in question at the time of the incident, Burlington introduced a sworn declaration by Roxanne Entwistle, its Worker's Compensation and General Liability Claims Administrator, that Burlington's corporate records indicate that

it has never employed an individual named "Lewis Collins" in any of its stores, including the store in Montgomery. *See* Docs. 1-3 & 10-1.  Wentz responded by submitting unauthenticated printouts from web searches listing a "Lewis Collins" as the manager of Burlington's Montgomery store. *See* Docs. 8-2 to 8-6.  Wentz's counsel candidly admitted these documents were "not necessarily the most reliable source[s] in the world." Doc. 18 at 30.  Thereafter, Entwistle expanded her search and requested the store's roster of employees from the date of the incident in question, finding that no employee with the last name "Collins" appeared. Doc. 10-1 at 2.  Entwistle also searched Burlington's company-wide human resources database to see if a "Lewis Collins" is or ever has been a Burlington employee nationwide, and discovered no employees with the names "Lewis Collins," "Collins Lewis," "Louis Collins," or "Collins Louis." Doc. 10-1 at 3.

Wentz's submissions in support of her claims against Collins, in addition to being unpersuasive, are not admissible.  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  The process for resolving a question of fraudulent joinder is "similar to that used for ruling on a motion for summary judgment." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  But while the court must resolve any factual disputes in favor of the plaintiff, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor." *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).  Where the plaintiff offers no evidence of her own and the defendant's sworn statements "are undisputed . . . the court

3

cannot then resolve the facts in the [plaintiff's] favor based solely on the unsupported allegations in the . . . complaint." *Id.*  Here, Wentz has failed to create a dispute of fact with her unsworn and unauthenticated web printouts.  Thus, the court accepts as undisputed Burlington's assertion that it has never employed an individual named "Lewis Collins," either in its Montgomery location or in any other capacity.  Accordingly, because Wentz cannot maintain a cause of action against Collins, the court recommends the dismissal with prejudice of all claims against him.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Court dismiss all claims against Defendant Lewis Collins with prejudice.  It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **April 20, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein*

4

*v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

 DONE this 6th day of April, 2018.

              _____
              GRAY M. BORDEN
              UNITED STATES MAGISTRATE JUDGE