IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION ALABAMA

| | |
|---|---|
| **FRANCES WENTZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: **2:17-cv-00657-GMB** |
| ) | |
| **BURLINGTON COAT** ) | |
| **FACTORY DIRECT** ) | |
| **CORPORATION,** ) | |
| and Fictitious Defendants ) | |
| "A," "B," and "C," whether singular or ) | |
| plural, those other persons, corporations, ) | |
| firms or other entities whose wrongful ) | |
| conduct caused or contributed to cause ) | |
| injuries and damages to Plaintiff, all ) | |
| of whose true and correct names are ) | |
| unknown to Plaintiff at this time, but will ) | |
| be added by amendment when ) | |
| ascertained, ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT

### STATEMENT OF JURISDICTION

Plaintiff, Frances Wentz, by and through the undersigned attorney, allege upon information and belief as to all other matters, that the cause of action is based on premises liability within the limits of Montgomery County, Alabama.

### STATEMENT OF PARTIES

1. Plaintiff, Frances Wentz, is over the age of majority and is a resident citizen of Montgomery County, Alabama.

1

2. Upon best information and belief, Defendant Burlington Coat Factory Direct Corporation (hereinafter "Burlington" or "Defendant") is a foreign corporation organized under the laws of the State of New Jersey and is doing business in the State of Alabama. Burlington's registered agent is Corporation Service Company, 641 South Lawrence Street, Montgomery, Alabama 36104. Service of process is proper to Ruth Daley, Gallagher Bassett, 2915 Premiere Parkway, Suite 350, Duluth, Georgia 30097.

3. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained.

4. Unless otherwise specified, the term "Defendants" as used hereafter shall collectively refer to Burlington and Fictitious Defendants "A-C."

## COUNT I – NEGLIGENCE AND WANTONNESS

5. On or about September 26, 2015, Plaintiff, Frances Wentz was an invitee of Burlington, an apparel and home product retailer, located at 5445 Atlanta Highway, Montgomery, Alabama 36109.

6. On said date and time, Defendant Burlington and Defendant Collins negligently and/or wantonly caused or allowed a dangerous condition to exist and failed to warn Plaintiff that the dangerous condition existed and had existed for some time, i.e. an improperly raised square tile on the floor. As a result of Defendants' negligence and/or wantonness in allowing the dangerous condition to exist, Plaintiff was caused to trip and fall down and sustain injuries.

7. Defendants had actual or constructive notice that the dangerous condition existed and failed to remedy and/or make safe the same resulting in Plaintiff's injuries. Further, Plaintiff was not aware of the dangerous condition and was not warned of said dangerous condition by Defendants.

8.      More specifically, Defendants breached their lawful duty owed to Plaintiff, as an invitee, in failing to exercise reasonable care and maintenance of the area, which resulted in the aforesaid injury to the Plaintiff. In addition, Defendants failed to remedy the dangerous condition, which existed on the premises by allowing no markings in the area where an invitee would walk and without giving Plaintiff warning of danger.

9.      As a proximate consequence of the Defendants' negligence and/or wantonness, the Plaintiff was caused to suffer the following injuries and damages: cervical and lumbar injuries; a total right hip arthroplasty, lameness and soreness; medical expenses; mental anguish and emotional distress; and permanent injuries and damages.

**WHEREFORE**, as a direct and proximate result of such negligent, grossly negligent, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendant Burlington, Defendant Collins, and all fictitious party Defendants, plus costs and other relief to which Plaintiff is entitled by law in an amount less than $75,000.00.

### COUNT II
### (Fictitious Defendants)

10.     Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

11.     Fictitious Defendants "A," "B," and "C," are also liable under the foregoing counts and theories.

12.     As a proximate consequence of the negligence, Plaintiff was injured and damaged as alleged in the foregoing paragraphs.

**WHEREFORE**, as a direct and proximate result of such negligence, grossly negligent, wanton, reckless, malicious, and/or intentional conduct, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendant Burlington, Defendant

Collins, and all fictitious party Defendants, plus costs and other relief to which Plaintiff is entitled by law in an amount no greater than $75,000.00.

                                                Respectfully Submitted,

                                                /s/ Charles James, II
                                                **CHARLES JAMES, II (JAM028)**
                                                **Attorney for Plaintiff**

**OF COUNSEL:**
**SERIOUS INJURY LAW GROUP, P.C.**
418 Scott Street
Post Office Box 781
Montgomery, AL 36101
Tel.: (334) 832-1001
Fax: (334) 832-1002
chuck@seriouslawyers.com

**Defendants may be served at:**

Ruth Daley
Gallagher Bassett
2915 Premiere Parkway, Suite 350
Duluth, Georgia 30097