IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FRANCES WENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-657-WKW |
| | ) | [WO] |
| LEWIS COLLINS and | ) | |
| BURLINGTON COAT FACTORY | ) | |
| WAREHOUSE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On April 6, 2018, the Magistrate Judge filed a Recommendation that the claims against Defendant Lewis Collins be dismissed with prejudice. (Doc. # 21.) On April 20, 2018, Plaintiff Frances Wentz filed timely objections. (Doc. # 24.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

Plaintiff does not object to the recommendation that all claims against Defendant Lewis Collins be dismissed on fraudulent joinder grounds, but argues that the dismissal should be without prejudice. (Doc. # 24, at 2.)[1]  As set out in the

---

[1] On May 2, 2018, Plaintiff filed an amended complaint that does not name Defendant Lewis Collins in the case caption. (Doc. # 27.) Plaintiff, however, still asserts that she is seeking "compensatory and punitive damages" against "Defendant Collins." (Doc. # 27 at 3.) Accordingly, this Recommendation remains ripe for review.

Recommendation, Defendant Burlington Coat Factory provided a declaration that its corporate records demonstrate that it never employed an individual named "Lewis Collins." Plaintiff failed to counter that declaration with admissible evidence. Thus, the undisputed facts demonstrate that Plaintiff cannot maintain a cause of action against Defendant Collins and dismissal for lack of subject-matter jurisdiction is appropriate. Because this dismissal is based upon a jurisdictional inquiry, it is without prejudice. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 900 (8th Cir. 2014) (modifying the district court's decision to dismiss the claims against a fraudulently joined defendant with prejudice to a dismissal without prejudice); *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d Cir. 2013) (observing that fraudulent joinder is a jurisdictional inquiry and not a merits inquiry); *Albert v. Smith's Food & Drugs Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) (stating "[b]ecause the district court's dismissal of these claims took place in a context of a fraudulent joinder analysis, a jurisdictional inquiry, we conclude that the district court should not have dismissed the claims with prejudice").

Accordingly, it is ORDERED as follows:

1. Plaintiff's objections (Doc. # 24) are sustained to the extent that the dismissal will be without prejudice.

2. The Recommendation (Doc. # 21) is ADOPTED as modified.

3. Plaintiff's claims against Defendant Lewis Collins are DISMISSED without prejudice for lack of subject-matter jurisdiction.

4. The Clerk of the Court is DIRECTED to terminate Lewis Collins as a party to this action.

5. This case is REFERRED back to the Magistrate Judge for further proceedings on Plaintiff's remaining claims.

DONE this 8th day of August, 2018.

                                            /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE